UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-80199-Marra/McCabe

UNITED STATES OF AMERICA

vs.

AMOS PATTERSON,

      Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and AMOS PATTERSON (hereinafter the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the sole count charged in the Indictment, which is possession of a firearm and ammunition by a prohibited person—convicted felon—in violation of Title 18, United States Code, Section 922(g)(1). The defendant agrees that he is, in fact, guilty of the offense.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence

under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a term of up to fifteen (15) years' imprisonment, followed by a maximum term of up to three (3) years of supervised release. The Court may also impose a fine of up to $250,000.00.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under the preceding paragraphs of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office and the defendant reserve the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant

3

understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

8. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1). In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

9. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

10. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

11. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

                                            MARKENZY LAPOINTE
                                            UNITED STATES ATTORNEY

Date: 2/15/2024       By: _____
                                            SHANNON O'SHEA DARSCH
                                            ASSISTANT UNITED STATES ATTORNEY

Date: 2/15/2024       By: _____
                                            CAROLINE McCRAE
                                            ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 2/15/2024       By: _____
                                            AMOS PATTERSON
                                            DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-80199-Marra/McCabe

UNITED STATES OF AMERICA

vs.

AMOS PATTERSON,

      Defendant.
_____/

## FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

The United States of America and Defendant AMOS PATTERSON (hereinafter "PATTERSON") agree that had this case proceeded to trial, the United States would have proven the following elements and facts beyond a reasonable doubt as to the sole count of the Indictment, charging PATTERSON with Possession of a Firearm and Ammunition by a Prohibited Person—convicted felon—in violation of Title 18, United States Code, Section 922(g)(1):

### Elements

First:   Defendant knowingly possessed a firearm and ammunition in or affecting interstate or foreign commerce;

Second:   Before possessing the firearm and ammunition, Defendant had been convicted of a felony – a crime punishable by imprisonment for more than one year; and

Third:   Defendant knew he had been previously convicted of a felony.

### Facts

1. On December 3, 2022, Palm Beach County Sheriff's Office (PBSO) was dispatched to Blue Boar Tavern, 1306 North Military Trail, West Palm Beach, in reference to suspicious persons in the parking lot with firearms. Upon arrival, an officer heard individuals yelling, "Troll." The crowd then scattered and approximately ten (10) vehicles exited the parking lot.

2. Subsequently, the officer noticed a small group of approximately five (5) males walk

away from a dark colored Jeep. As the officer approached the vehicle, he shined his flashlight inside the vehicle. While looking inside the passenger rear window, the officer observed a pink and black pistol on the floorboard behind the driver seat. An individual later identified as Algernon Whyms questioned the officer on why he was shining a flashlight into his vehicle. Whyms informed the officer that he would not find anything in the car, and he was the driver of the Jeep. The officer informed Whyms that he could see a pink and black pistol on the back floorboard. Whyms stated that it was not his firearm. Whyms explained he gave a ride to a guy, who placed something inside the vehicle and walked to the arcade when he heard the police. That person was later identified as Amos PATTERSON.

3. Whyms thereafter provided his consent to search the vehicle. Upon searching the vehicle, the officer located a loaded pink handle and black slide SCCY Industries, model CPX-1, 9mm pistol. The officer located an unknown number of live rounds in the magazine and one live round in the chamber. Whyms consented to providing his DNA to determine his possession of the firearm, while PATTERSON refused.

4. A DNA Search Warrant signed by Fifteenth Judicial Circuit Judge Caracuzzo was executed to collect PATTERSON's DNA. BODE Technology Laboratory produced a report with the following results based on their analyses of DNA recovered from the SCCY CPX-1 pistol with PATTERSON's known DNA standard obtained via search warrant:

   a.) The DNA profile obtained from the swabs from the trigger/guard of the pistol were approximately 6.7 billion times more likely to be observed if it originated from Amos E. PATTERSON and one unknown person than if it originated from two unknown persons. This statistical result provides very strong support for inclusion.

   b.) Algernon Whyms was excluded as a possible contributor for both the DNA swabbed from the trigger/guard, and the frame/slide.

5. Prior to December 3, 2022, PATTERSON was convicted of the following felony

2

offense, which is a crime punishable under Florida law for a term exceeding one year: Case Number 502018CF005387AXXXMB, felon in possession of a firearm or ammunition (Actual Possession), Second degree felony.

6. Special Agent Vincent Rubbo from the Bureau of Alcohol, Tobacco, Firearms and Explosives examined the firearm and ammunition recovered on December 3, 2022. The SCCY Industries, CPX-1, 9mm pistol was previously shipped, transported, or received outside of the state of Florida and recovered in the state of Florida; therefore, the firearm traveled in and affected interstate commerce prior to its possession by PATTERSON. Further, the ten rounds of Federal Ammunition 9mm Luger Ammunition were manufactured outside of the state of Florida, and therefore the recovered ammunition traveled in and affected interstate and/or foreign commerce.

7. A firearm trace was run for the SCCY CPX-1 9mm pistol and returned to a Deserae McGrath as the original purchaser. McGrath is/was in a romantic relationship with PATTERSON. They have children in common. Further, records reflect PATTERSON is connected to McGrath.

8. All events having occurred in the Southern District of Florida.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 2/15/2024

By: _____
SHANNON O'SHEA DARSCH
ASSISTANT UNITED STATES ATTORNEY

Date: 2/15/2024

By: _____
CAROLINE McCRAE
ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 2/15/2024

By: _____
AMOS PATTERSON
DEFENDANT

3